**KESSLER MATURA**

April 10, 2025

**Via ECF**
Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 12B
New York, NY 10007

    Re:    *Matiatos v. Sienna Marketing & Consulting, Inc. d/b/a Creative Capital Solutions*
            Case No.: 24 Civ. 9028 (JHR)
            **Motion to Reopen and Approve FLSA Settlement**

Dear Judge Rearden:

    Kessler Matura P.C. ("KM") represents Plaintiff, Spiridon Matiatos. Plaintiff writes with Defendant Sienna Marketing & Consulting, Inc. d/b/a Creative Capital Solutions' consent to respectfully request that the Court reopen the case and approve the Parties' Settlement and Release Agreement (the "Agreement") (Ex. A) and so order the dismissal of this action with prejudice, as the settlement resulted from arms-length negotiations over contested matters of fact and law, and its terms are fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

    **I.**    **Case Overview**

    Plaintiff filed this putative collective and class action on November 25, 2024 under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") on behalf of current and former Associate Business Finance Loan Brokers to recover back wages and other damages arising from his employment with Defendant. Plaintiff alleges Defendant misclassified him and colleagues as independent contractors, resulting in violations including unpaid overtime, non-overtime wages, and the failure to provide wage notices and wage statements. Specifically, Plaintiff alleges he regularly worked more than 50 hours a week, and that Defendant controlled Plaintiff's work. Defendant denies these allegations.

    On March 21, 2025, the Parties settled this action through the S.D.N.Y.'s mediation program with the assistance of Richard I. Janvey. Thereafter, the Parties negotiated the terms of and executed the Agreement.

    **II.**    **The Settlement is Fair and Reasonable**

    Before a stipulated dismissal of an FLSA case can take effect, the court must approve the parties' settlement. *Cheeks,* 796 F.3d at 204; *see e.g.*, *Hollis v. All Am. Bar on First, Inc.*, No. 22 Civ. 1466, 2023 WL 4350613, at *1 (S.D.N.Y. July 5, 2023) (Rearden, J.) ("FLSA claims cannot be privately resolved without either the approval of the district court or the Department of Labor.") (citation and internal quotation marks omitted). When reviewing settlements, courts consider

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
Re: *Matiatos v. Sienna Marketing & Consulting,*
 *Inc. d/b/a Creative Capital Solutions*
April 10, 2025
Page 2 of 3

whether the settlement is "fair and reasonable" based on the five non-exhaustive factors from *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012): (1) the plaintiff's range of recovery; (2) the expense and burden of continued litigation; (3) the litigation risks; (4) the presence of arm's-length bargaining between experienced counsel; and (5) any indicia of fraud or collusion. *Id.* (cleaned up). Courts may still deny settlement approval if the agreement contains terms that conflict with the FLSA's remedial purpose. *See Nieto v. Izzo Constr. Corp.*, No. 15 Civ. 6958, 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018).

The Parties have agreed to settle all claims asserted in this matter against Defendant for $55,000.00. The Parties believe that this amount is reasonable considering Plaintiff's claims and the defenses and records maintained by Defendant. Because the proposed settlement reasonably resolves disputed claims, the Court should approve it and dismiss the case.

### A. Factor 1: Plaintiff's Range of Possible Recovery.

First, Plaintiff's recovery is fair given the range of possible recovery, as courts often approve FLSA settlements of varying recoveries. *See, e.g.*, *Almanzar v. Silver Star Props. Corp.*, 699 F. Supp. 3d 253, 255 (S.D.N.Y. 2023) (collecting cases); *see also Hollis*, 2023 WL 4350613, at *3 (approving a 5.84% settlement recovery). Plaintiff's potential wage recovery would be $151,790.89, excluding non-overtime wages, fees and costs. By KM's estimation, the settlement amount represents approximately a 41.57% of Plaintiff's best-case recovery under the FLSA and NYLL, excluding fees and costs. KM bases this estimate on the information gleaned from Plaintiff, his records, the records Defendant produced, and our communications with Defendant.

### B. Factors 2 & 3: Avoidance of Litigation Burdens and Litigation Risks.

The Agreement spares both parties the expense and uncertainty of protracted discovery, motions, and trial. Plaintiff acknowledges that independent contractor misclassification cases can be difficult, fact-intensive, and subject to class decertification motions. Moreover, in advance of mediation, Defendant produced time records and documents that could have potentially undermined Plaintiff's claims, if such records were accepted as accurate. Plaintiff would bear the burden of establishing the hours he worked every single week during his employment period, and would need to prove that he was not compensated for any of his overtime. At trial, or even on a summary judgment motion, these and other issues could potentially be resolved in Defendant's favor, thereby undermining Plaintiff's theories of liability and damages. Acknowledging the risks created by these records, Plaintiff believes that the settlement amount is fair and reasonable and falls squarely in the range of possible recovery.

Lastly, if the Parties proceeded with litigation, Plaintiff could have obtained a judgment against Defendant at trial on which he could not collect at a much later date in the future. The seriousness of this risk favored a guaranteed payment through a Court-approved settlement for

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
Re: *Matiatos v. Sienna Marketing & Consulting,*
   *Inc. d/b/a Creative Capital Solutions*
April 10, 2025
Page 3 of 4

Plaintiff.  This settlement also guarantees a resolution of this matter, despite the risks associated with proving Plaintiff's claims, all before the Parties engaged in formal discovery, motions, a trial, and potential appeals.

Defendant has raised significant legal and factual defenses to Plaintiff's claims that could result in Plaintiff recovering substantially less than he sought or nothing at all.  Thus, these factors favor approval.

### C.  Factors 4 & 5: Arm's-Length Negotiations & Possibility of Fraud or Collusion.

The Parties engaged in extensive back-and-forth settlement discussions through a Court-appointed mediation, with all parties present.  Additionally, the terms of the Agreement were the product of continued arm's-length bargaining between experienced counsel post-mediation and have been carefully tailored to satisfy the criteria articulated for approval by *Wolinsky*.

Further, there is no possibility of fraud or collusion.  The Parties are represented by experienced, and competent counsel and the Parties have maintained a professional relationship throughout the litigation.  Plaintiff's counsel has demonstrated a record of extensive representation of employees in wage-and-hour and employment discrimination matters.  *See Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012)(KM's attorneys "have substantial experience prosecuting and settling wage and hour actions, are well-versed in wage and hour and class action law, have been class or lead counsel in numerous wage and hour class and collective actions."); *see also Lucente v. EAD Entertainment, LLC*, No. 23 Civ. 3560 (E.D.N.Y. Nov. 7, 2024) (granting final approval of class action settlement involving paint-bar workers); *Martinez v. 138 Lube LLC*, No. 22 Civ. 642 (S.D.N.Y. Sept. 16, 2022) (approving FLSA settlement involving a car wash worker).

### III.  The Settlement Does Not Run Afoul of the FLSA's Remedial Purpose

The Agreement does not contain any disfavored terms.  *See Nieto*, 2018 WL 2227989, at *2 (collecting the "greatest hits" of impermissible terms).  Here, the release is limited to wage-and-hour claims. Ex. A (Agr.) § II; *see also Rojas v. Kaleo Constr. Corp.,* No. 23 Civ. 00199, 2023 WL 7004927, at *2 (S.D.N.Y. Oct. 24, 2023) (Rearden, J.) (approving revised settlement where the release was limited to wage-and-hour claims).  Even if other similarly situated employees exist, this does not outweigh Plaintiff's interest in the settlement because other employees will not be prejudiced as their claims are not being released.

### IV.  Attorneys' Fees and Costs

A one-third fee is generally deemed reasonable in this District.  *Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) (collecting cases);

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
Re: *Matiatos v. Sienna Marketing & Consulting,*
   *Inc. d/b/a Creative Capital Solutions*
April 10, 2025
Page 4 of 5

*see e.g.*, *Leon et al v. Barnorth Group LLC et al*, No. 24 Civ. 8060, ECF. No 19, Mar. 21, 2025) (Rearden, J.)(approving a one-third attorneys' fees request). The requested attorneys' fees are further justified based on several factors: (1) the substantial time counsel has expended on this matter; (2) the complexities involved in wage-and-hour litigation, particularly regarding independent contractor misclassification; (3) the significant risks undertaken in pursuing this action; (4) the quality of representation provided by experienced wage-and-hour attorneys; (5) the reasonable relationship between the requested fee and the settlement amount; and (6) the important public policy considerations underlying the FLSA and NYLL. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *see also Viafara v. MCIZ Corp.*, No. 12 Civ. 7452, 2014 WL 1777438, at *13 (S.D.N.Y. May 1, 2014) ("The remedial purposes of [the FLSA and NYLL] require adequate compensation for attorneys who protect those rights.").

KM respectfully requests one-third of the settlement amount in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with the firm. KM is not seeking reimbursement of $481.96 for costs. The settlement is broken down as follows:

- **Settlement Amount:** $55,000.00

- **Requested Attorneys' Fees:** $18,333.00

- **Total Payable to Plaintiff:** $36,667.00

In our experience, law firms on Long Island and New York City representing plaintiffs in wage-and-hour litigation typically charge their clients at least one-third of their gross recoveries when representing them on a contingent basis. *See Savino v. Visiting Nurse Serv. of New York,* No. 15 Civ. 9451, 2017 WL 2473214, at *3 (S.D.N.Y. June 7, 2017) ("Contingency fees of one-third in [unpaid wages] cases are routinely approved in this circuit." (collecting cases)).

KM undertook to prosecute this action without any assurance of payment, litigating the case on a wholly contingent basis in the face of significant risk. Wage-and-hour cases of this type are, by their very nature, complicated and time-consuming. This case was no exception. Due to the contingent nature of our fee arrangement in this case, KM was prepared to and did make a substantial investment of time and resources with the very real possibility of an unsuccessful outcome.

KM will continue to invest significant time on this case, including seeking approval of the settlement and administering the distribution of Plaintiff's settlement payments.

*     *     *     *

Hon. Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
Re: *Matiatos v. Sienna Marketing & Consulting,*
   *Inc. d/b/a Creative Capital Solutions*
April 10, 2025
Page 5 of 5

      The parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of negotiations at Court appointed mediation and the terms of the Agreement comport with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Accordingly, Plaintiff respectfully request that Your Honor approve the Agreement and so order the dismissal of this action with prejudice.

      Thank you for your consideration of this matter.

                                        Respectfully submitted,

                                        /s/ Jocelyn Small
                                      _____
                                        Jocelyn Small

cc: Counsel of Record (via ECF)