# <u>Exhibit A</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SPIRIDON MATIATOS, on behalf of himself and all          Case No. 24-CV-09028 (JHR)
others similarly situated,

                                Plaintiff,


                -against-


SIENNA MARKETING & CONSULTING, INC. D/B/A
CREATIVE CAPITAL SOLUTIONS,

                                Defendant.
-----------------------------------------------------------------X

## <u>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS</u>

This **SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** (the "Agreement" or "Settlement Agreement") is made and entered into by and between Plaintiff Spiridon Matiatos ("Plaintiff") and Defendant Sienna Marketing & Consulting, Inc. d/b/a Creative Capital Solutions (collectively, the "Defendant").

**WHEREAS**, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York, Case No. 24-CV-09028 (the "Action") against Defendant, alleging among other things various wage and hour violations (including a proposed collective action under the Fair Labor Standards Act and a proposed class action under the New York Labor Law) in connection with his employment with Defendant (the "Complaint"); and

**WHEREAS**, Defendant denies any and all claims of liability or wrongdoing asserted in the Complaint;

**WHEREAS**, on March 21, 2025, the Parties, through their counsel, engaged in a Court-referred mediation with mediator Richard I. Janvey, Esq., during which an agreement in principle was reached to settle the Action; and

**WHEREAS**, the Plaintiff and Defendant (Plaintiff and Defendant are collectively referred to herein as the "Parties"), in an effort to avoid the expense, time, demands and uncertainties of litigation, have reached an agreement to compromise and settle all disputes between them;

**NOW, THEREFORE**, for and in consideration of the mutual promises herein contained, and for good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, the Parties agree as follows:

## I.    <u>**SETTLEMENT AMOUNT**</u>

      **a.    Settlement Amount**.  Defendant shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims identified in this Action, including all counsel fees and costs incurred by Plaintiff, the gross sum of **Fifty Five Thousand ($55,000.00) Dollars** (the "Settlement Amount").  The Settlement Amount shall be paid in three payments as follows:

      **i.**  <u>First Payment</u>: Within 14 days of the Court's approval of the settlement, a check payable to "Spiridon Matiatos" in the amount of Eighteen Thousand Three Hundred Thirty-Three Dollars ($18,333.00), and a check payable to "Kessler Matura P.C." in the amount of Nine Thousand One Hundred Sixty-Six Dollars ($9,167.00); and

      **ii.**  <u>Second Payment</u>: Within 45 days of the Court's approval of the settlement, a check payable to "Spiridon Matiatos" in the amount of Nine Thousand One Hundred Sixty-Seven Dollars ($9,167.00), and a check payable to "Kessler Matura P.C." in the amount of Four Thousand Five Hundred Eighty-Three Dollars ($4,583.00); and

      **iii.**  <u>Third Payment</u>: Within 75 days of the Court's approval of the settlement, a check payable to "Spiridon Matiatos" in the amount of Nine Thousand One Hundred Sixty-Seven Dollars ($9,167.00), and a check payable to "Kessler Matura P.C." in the amount of Four Thousand Five Hundred Eighty-Three Dollars ($4,583.00).

      All three payments will be delivered to Kessler Matura P.C. at their offices located at 534 Broadhollow Road Melville, NY 11747.  The payments to Spiridon Matiatos will be reported on IRS Form 1099- Misc and the payments to Kessler Matura P.C. will be reported on an IRS Form 1099-NEC.

      **b.    Default and Cure.**  In the event of a breach of this Agreement by Defendant, Plaintiff, by his attorneys, shall send written notice of such breach by e-mail and first-class mail to Defendant's counsel, <u>mbianco@dsblawny.com</u>, Dealy Silberstein & Braverman, LLP, 225 Broadway, Suite 1240, New York, NY 10007, Attn: Maria Louisa Bianco, Esq.  Upon notice of such breach, Defendant shall have ten (10) days to cure such breach.

      **c.    Tax Indemnification**.  Plaintiff acknowledges and agrees that Defendant is not providing any tax advice or representations by this Agreement.  To the extent there are any tax consequences to Plaintiff and/or Defendant arising from the payment of the settlement amount, Plaintiff agrees to indemnify and hold Defendant harmless for all taxes, interest and penalties incurred as a result of Plaintiff's failure to pay taxes on any payments made to him.  The Parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under this Section I.

## II.    <u>LIMITED RELEASE OF DEFENDANT</u>

**a.**    To the fullest extent permitted by law, Plaintiff, on behalf of himself, his heirs, executors, administrators and/or assigns, does hereby release and discharge Defendant, on behalf of his heirs, executors, administrators and/or assigns, together with their direct and indirect parent corporations, subsidiaries, affiliates, joint ventures, partners, and related entities, past, present and future, and its and their predecessors, successors and assigns, and their officers, directors, employees, consultants, agents, insurers, reinsurers, shareholders, representatives and assigns, past, present and future (collectively, the "Releasees"), of and from all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, that were asserted or could have been asserted in the Action that are not specifically exempt from this release, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, for violations of state wage and hour laws and the FLSA, 29 U.S.C. § 201, et seq., whether for economic damages, non-economic damages, restitution, penalties, wages, overtime, liquidated damages, interest, or attorneys' fees arising out of the claims at issue as set forth in the Action or any and all wage and hour claims that could have been asserted in the Action, including, *inter alia*, all claims for overtime, minimum wage, spread of hours, wage deductions, tools of the trade, and all correlative common law claims associated with nonpayment or underpayment of wages.  Released Claims include only claims based on acts occurring up and to the execution of this agreement, and do not include claims for illegal termination or discrimination or retaliation unrelated to wage claims or claims for unemployment insurance payments or worker's compensation claims.

**b.**    Nothing herein shall be deemed a waiver of: (i) claims for accrued vested benefits under any employee benefit plan in accordance with the terms of such plan and applicable law; (ii) claims for breach of this Agreement; or (iii) claims that may arise based on events occurring after Plaintiff signs this Agreement.

**c.**    Nothing in this Agreement is intended or shall be deemed to prohibit Plaintiff from participating or cooperating with the Equal Employment Opportunity Commission (the "EEOC"), the New York State Division of Human Rights, or any similar federal, state or local agency in any action brought by said agency.  Plaintiff agrees and acknowledges, however, that he is not entitled to and will not seek or permit anyone to seek on his behalf any personal, equitable or monetary relief for any wage and hour claims in any such action.

**d.**    Plaintiff hereby represents and warrants that he has not heretofore assigned or transferred or purported to assign or transfer to anyone any claim, demand, action or cause of action based upon or arising out of or pertaining to or concerning or connected with any of the matters or things released herein.  Plaintiff agrees and covenants that should any person, organization, or other entity file, charge, claim, sue, or cause or permit to be filed any civil action, suit, legal proceeding, or claim, or if any person, organization, or other entity has filed, charged, claimed, sued, or caused or permitted to be filed any civil action, suit, legal proceeding, or claim against any of the Releasees involving any matter occurring at any time in the past, they are not entitled to and will not seek or accept personal equitable or monetary relief in such civil action, suit or legal proceeding.

## III.    GENERAL PROVISIONS

**a.  Dismissal of Action**.  The Parties shall take such steps as are necessary to withdraw and not further pursue all claims or counterclaims brought against each other, including, but not limited to, the following:

**i.        Withdrawal of Federal Action.**  Upon execution of this Agreement and Court Approval of the Settlement, the Parties' counsel shall sign and file a Stipulation and Order of Dismissal with Prejudice of the Action.

**b.  No Other Claims.**  Plaintiff represents that, other than the Action, he has no actions against the Releasees currently pending before any local, state or federal court, tribunal or administrative agency.

**c.  No Disparagement**.  The Parties agree that they will refrain from all conduct, verbal or otherwise, which would materially damage the reputation, goodwill or standing in the community of the other.  Nothing contained herein shall restrict Plaintiff's ability to make truthful communication regarding his FLSA or NYLL claims or his experience litigating his claims against Defendant.

**d.  No Admission of Liability.**  The signing of this Settlement Agreement is not an admission by any of the Defendant of fault, wrongdoing or potential liability.  It is expressly understood that the Parties are entering into this Agreement solely in the interest of avoiding additional costs, burdens and uncertainties which would result from further controversy or litigation.

**e.  Construction**.  The Parties have cooperated in the drafting and preparation of this Agreement.  No party may be regarded as its drafter, and in any construction to be made of this Agreement, there shall be no presumption that it should be construed as against the interests of either party.

**f.  Entire Agreement**.  This Agreement represents the entire understanding between the Parties hereto, and fully supersedes any and all prior agreements or understandings between them, whether written or oral.  Plaintiff acknowledges that Defendant has no further obligation of any kind to Plaintiff except as contained in this Agreement.

**g.  Costs**.  Each party shall bear its own attorneys' fees, costs and disbursements, including the costs and attorneys' fees incurred in this litigation, and there shall be no application to any Court by any party or by his, her or its attorneys for attorneys' fees, costs and/or disbursements, except as provided for in this Agreement.

**h.  Review by Counsel.**  By signing this Agreement, each of the undersigned acknowledges that they had a full and fair opportunity to negotiate, review, and consider the terms of this Agreement; that they have been advised to seek, and have sought, the advice of their attorney(s) in connection with their decision whether to accept the benefits that have been offered under the terms of this Agreement; that they have reviewed this Agreement with their

attorney(s) and advisor(s) of their choice; that they have read and understand this Agreement; and that they have signed this Agreement freely and voluntarily, without duress, coercion, or undue influence and with full and free understanding of its terms.

**i.  Execution**.  This Agreement may be executed electronically and/or in counterparts by each party.  Facsimile, PDF or other electronic counterparts will be considered one and the same instrument, and each executed Agreement, when taken together, shall constitute a complete Agreement.

**j.  Applicable Law**.  This Agreement arises out of employment within the state of New York and it shall in all respects be interpreted, enforced and governed under the laws of the State of New York without regard to New York's choice of law principles, except as to matters that are governed by Federal law.

[SIGNATURE PAGES FOLLOW]

Docusign Envelope ID: 492E35FD-F9E9-4514-940E-7ACC2D4B4B7B

PLAINTIFF

SPIRIDON MATIATOS

*Spiridon Matiatos*

Date: 4/8/2025


DEFENDANT

SIENNA MARKETING & CONSULTING, INC.
d/b/a CREATIVE CAPITAL SOLUTIONS

By: Bruno Scotti

Title: President

Date: 4-8-2025

6